UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ALFREDO RIOS, | Case No. 1:24-cv-00884-HBK |
| Plaintiff, | ORDER AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY[1] |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. Nos. 12, 14) |
| Defendant. | |

Ramon Alfredo Rios ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 12, 14-15). For the reasons stated, the Court denies Plaintiff's motion for summary judgment, grants Defendant's motion for summary judgment, and affirms the Commissioner's decision.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 11).

# I.  JURISDICTION

Plaintiff protectively filed for supplemental security income on March 24, 2021, alleging a disability onset date of February 25, 2020.  (AR 333-38).  Benefits were denied initially (AR 113-30, 154-59) and upon reconsideration (AR 131-48, 163-69).  On June 2, 2023, Plaintiff amended his application to request a closed period of disability beginning on March 24, 2021 and ending March 24, 2022.  (AR 423).  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on June 22, 2023.  (AR 609-629; Doc. No. 9-2).  Plaintiff testified at the hearing and was represented by counsel.  (*Id*.).  The ALJ denied benefits (AR 22-39) and the Appeals Council denied review (AR 5-10).  The matter is before the Court under 42 U.S.C. § 1383(c)(3).

# II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 24 years old at the time of the hearing.  (*See* AR 354).  He completed twelfth grade.  (AR 616).  He lives with his mother.  (AR 38).  He has no relevant work history, but reported he was working at McDonald's at the time of the hearing.  (AR 616).  Plaintiff testified that working at McDonald's is "difficult in some ways" but also "it's pretty fun."  (AR 617).  He started working because his father died, and his family needed income.  (AR 617-18).  He recently was transferred to a McDonald's closer to his house and testified that he is comfortable and knows how to do his job well.  (AR 619, 621).  Plaintiff testified that his sister helped him get the job at McDonald's as she was a manager, but there was no "family favoritism" and he primarily worked by himself.  (AR 623-24).  Plaintiff reported that since a medication change in the middle of 2022, he feels more focused and relaxed and does not have "hallucinations," but he was still able to work before that time when he was struggling.  (AR 622-23).  He testified that he is "the only one who's capable of raising [his] family and taking care of [his] mother right now."  (AR 628).

# III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is

governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence e" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the

Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational

4

factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has engaged in substantial gainful activity since March 24, 2021, the application date, but did not engage in substantial gainful activity form March 2021 through March 2022. (AR 27). At step two, the ALJ found that Plaintiff has the following severe impairments: allergic rhinitis/asthma, depressive disorder, anxiety disorder, attention deficit-hyperactivity disorder (ADHD), bipolar disorder, and cannabis use disorder. (AR 28). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 28). The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: he can never have concentrated exposure to dust, fumes, or other pulmonary irritants. He can perform simple and routine tasks. (AR 29). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 33). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including counter supply worker, hand packager, and wall cleaner. (AR 33). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since March 24, 2021, the date the application was filed. (AR 34).

////

**VI.   ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review: whether the mental RFC was supported by substantial evidence in light of the ALJ's consideration of the medical opinion evidence.  (Doc. No. 12 at 7-12).

**VII.   DISCUSSION**

**A. RFC/Medical Opinion**

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record.  (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Plaintiff argues the ALJ erred in assessing the mental RFC because she improperly considered the medical opinion of Kellie R. Sulier, Psy.D.  (Doc. No. 12 at 7-12).  For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical

6

findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's

opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In November 2022, Dr. Kellie Sulier conducted a psychological evaluation of Plaintiff. (AR 510-18). She opined that Plaintiff is not significantly limited in his ability to understand, remember, and perform simple written and oral instructions; mildly limited in his ability to perform work activities without special or additional supervision; mildly to moderately limited in his ability to perform work activities on a consistent basis, and his ability to accept instructions from supervisors. (AR 516-17). Dr. Sulier also opined that Plaintiff was moderately limited in his ability to understand, remember, and perform complex written and oral instructions, maintain regular attendance in the workplace, complete a normal workday or workweek without interruptions resulting from his psychiatric condition, interact with coworkers and the public, and deal with the usual stresses encountered in a competitive work environment. (AR 517). Dr. Sulier noted that Plaintiff was currently employed at the time of the evaluation and denied problems in a work setting with coworkers or customers due to psychiatric symptoms. (AR 514). After considering the requisite factors under the revised regulations, the ALJ found Dr. Sulier's opinion was less persuasive. (AR 32).

First, in considering supportability, "the more relevant the medical evidence and supporting explanations presented by a medical source are to support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1). Plaintiff appears to argue that the ALJ failed to provide "adequate" supportability evaluation of Dr. Sulier's opinion. (Doc. No. 12 at 7-12). However, the ALJ specifically found that Dr. Sulier's opinion *was* supported by explanation. (AR 32). Thus, the Court is unable to discern, nor does Plaintiff articulate, any harmful error in the ALJ's consideration of the supportability of Dr. Sulier's opinion. Rather, as noted by Defendant, the ALJ found Dr. Sulier's opinion less persuasive because it was "overly restrictive given the longitudinal medical record, overall evidence, and the

work history of the claimant." (AR 32); *see Woods*, 32 F.4th at 793-94, n.4 (noting the ALJ found the opinion was supported, and affirming the ALJ's rejection of a medical opinion based on the inconsistency factor alone).

In considering the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2). Plaintiff argues the ALJ's "conclusory" reasoning provides no "discussion or summary with analysis of any specific medical evidence from the [Dr. Sulier's] examination or the 'longitudinal record' or 'overall evidence' and/or 'work history of the claimant' in relation to [her] specific 'moderate' [mental RFC] limitations." (Doc. No. 12 at 9). Defendant argues the ALJ reasonably found Dr. Sulier's opinion less persuasive because it was not consistent with Plaintiff's work history, the longitudinal medical record, and the overall evidence. (Doc. No. 14 at 7 (citing AR 32)). The Court agrees.

First, as noted by the ALJ, Plaintiff reported to Dr. Sulier that he was currently employed at the time of the evaluation, his work attendance as steady, and he denied having problems in a work setting with coworkers or customers due to psychiatric symptoms. (AR 514). Moreover, Plaintiff testified that he started working because his family needed the money after the death of his father, and his sister did not exhibit favoritism toward him when they worked together. (AR 30, 617-28). Finally, the ALJ relied on Plaintiff's reports during the closed period that he would look for employment after the pandemic was over, and a report after the closed period in March 2023 that he was able to maintain a job for over a year. (AR 31, 473 (report in June 2021 that he "is also looking into employment but states he will wait until the pandemic stops."), 476 (same report in May 2021), 479 (same report in March 2021), 553 (noting Plaintiff made a lot of progress in treatment and has maintained a job for over a year). An ALJ may discount a medical opinion that is inconsistent with claimant's reported functioning. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999); *see also Ford v. Saul*, 950 F.3d 1441, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining

1  whether a claimant is disabled."). Thus, it was reasonable for the ALJ to find the restrictiveness
2  of Dr. Sulier's opined limitations was inconsistent with Plaintiff's self-reported work history
3  during the consultative evaluation.[2]

4  Next, the ALJ found the limitations opined by Dr. Sulier were overly restrictive given the
5  longitudinal medical record and the overall evidence. (AR 32). As noted elsewhere in the ALJ's
6  decision, mental status examinations during the closed period were largely normal aside from
7  depressed mood and Plaintiff remained stable with treatment compliance, and after the closed
8  period he remained stable and was working at McDonalds for over a year. (AR 31, 435-36
9  (noting Plaintiff does not appear anxious or withdrawn, and speech and affect are appropriate),
10 443 (same), 499 (normal mental status examination aside from depressed mood), 501 (same), 503
11 (noting euthymic mood, linear thought process, normal speech, cognition, insight, and judgment),
12 505 (noting depressed and anxious mood on examination, but Plaintiff reports "I'm good")); *see*
13 *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that
14 can be controlled effectively with medication are not disabling for the purpose of determining
15 eligibility for SSI benefits."). Moreover, the ALJ considered the overall evidence and found the
16 limitations opined by the state agency psychological consultants E. Aquino-Caro, M.D. and
17 Joshua Schwartz, Ph.D. during the relevant closed period were "most consistent with the
18 longitudinal record and supported by evidence." (AR 32, 126 (opining that Plaintiff can perform
19 simple, routine tasks), 144 (same)).

20 Again, Plaintiff argues the ALJ's "summary" of the objective medical evidence in the
21 decision was insufficient to determine if the mental RFC was supported by substantial evidence,
22 and in "the summary of the relevant medical evidence" section of his opening brief Plaintiff cites

---

[2] In reply, Plaintiff challenges Defendant's argument that any error in considering Dr. Sulier's opinion is harmless because the November 2022 examination occurred outside of the amended closed period of disability from March 2021 through March 2022, because "the Defense cannot attempt to intuit the ALJ's vague rationale for rejecting Dr. Sulier's MRFC." (Doc. No. 15 at 2 (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)). However, this challenge mischaracterizes Defendant's actual argument that any error would be harmless because Plaintiff admitted at the time of Dr. Sulier's examination that he was engaged in substantial gainful activity and therefore was not disabled at that time. (Doc. No. 14 at 6-7). Regardless, it is unnecessary for the Court to address whether any error was harmless because, as discussed *supra*, the reasons given for finding Dr. Sulier's opinion less persuasive are supported by substantial evidence.

evidence from the relevant adjudicatory period of rapid speech, anxious mood, reported challenges in attention and organization, circumstantial thought process, and fair insight and judgment. (Doc. No. 12 at 4-5 citing (AR 472 (rates anxiety at 5/10 and depression at 4/10, and largely normal examination results aside from mild concentration impairment, depressed and anxious mood although he reported he was "good," and fair insight and judgment), 475 (largely normal examination results, aside from mild concentration impairment, "circumstantial but not tangential" thought processes, and fair judgment and insight), 481-82 (examination results include only mild concentration impairment, rapid but otherwise normal speech, logical and coherent thought processes, denial of hallucinations, "good mood," and fair insight and judgment), 501 (normal mental status examination but reports increased depressed mood on that day), 505 (normal mental status examination but reports ongoing difficulty with concentration and focus), 571 (normal mental status examination aside from limited insight and fair/good judgment, reported good energy and motivation, reported depression 5/10 and anxiety 3/10 daily)).

Based on the foregoing, and regardless of evidence that could be considered more favorable to Plaintiff, substantial evidence supports the ALJ's finding that the Dr. Sulier's opinion was less persuasive because the restrictive opined limitations are not consistent with or supported by the longitudinal medical record and overall evidence.[3]  20 C.F.R. § 416.920c(c)(1)-(2); *see also Burch*, 400 F.3d at 679 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may be reasonably discerned.")

After viewing the ALJ's reasoning in light of the record as a whole, the Court concludes that the ALJ's finding that Dr. Sulier's opinion was less persuasive was supported by substantial

---

[3] To the extent Plaintiff argues the ALJ failed to either account for or reject the moderate limitations opined by Dr. Sulier, this argument is inapposite. (Doc. No. 12 at 11). While it is well-settled that "an ALJ is not free to disregard properly supported limitations," Plaintiff's argument and the case law cited in his opening brief is distinguishable from this case because here the ALJ properly found Dr. Sulier's opinion was less persuasive, and therefore was not required to account for moderate limitations in the RFC or offer any additional explanation as to why there were not included in the RFC. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

evidence after proper consideration of the supportability and consistency factors. 20 C.F.R. § 416.920c(c)(1)-(2); *Woods*, 32 F.4th at 792.  The Court finds no error in the ALJ's consideration of the medical opinion evidence and the formulation of the mental RFC.

### VIII.  CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered the medical opinion evidence, and properly assessed the RFC.  After review, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 14) is GRANTED, and the decision of the Commissioner of Social Security is AFFIRMED for the reasons set forth above.
3. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

Dated:   July 3, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE